IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES RAY MOSLEY<br><br>Petitioner,<br><br>VS.<br><br>RICK THALER, Director<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 3-11-CV-0742-B-BD |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Ray Mosley, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

On May 27, 2008, petitioner was released to parole after serving part of a 40-year sentence for burglary of a habitation. Less than two years later, his parole was revoked based on a new conviction for burglary of a building and other violations. Petitioner challenged his parole revocation in two applications for state post-conviction relief. The first application was dismissed for lack of jurisdiction. *Ex parte Mosley*, WR-47,779-10 (Tex. Crim. App. Dec. 8, 2010). The second application was dismissed for abuse of the writ. *Ex parte Mosley*, WR-47,779-11 (Tex. App. Jan. 12, 2011). Petitioner then filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that he was denied due process in connection with his parole revocation hearing because: (1) he did not receive a preliminary hearing;

(2) he was denied access to an unspecified police report; and (3) he was not provided with a written statement of reasons for revoking his parole.

A.

Petitioner first contends that he was entitled to a preliminary hearing within a reasonable time following his arrest. Even if petitioner has a due process right to a preliminary hearing, habeas relief is not appropriate unless the error had a "substantial and injurious effect or influence" in determining the outcome of the parole revocation proceeding. *See Neu v. Quarterman*, No. 4-08-CV-0273-Y, 2009 WL 1285855 at *4 (N.D. Tex. May 8, 2009) (citing cases), *COA denied*, No. 09-10588 (5th Cir. Jan. 6, 2010). The purpose of a preliminary hearing is to determine whether there is probable cause to believe that the detained parolee committed acts that violate the conditions of his release. *Id., citing Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972). "An inmate is not entitled to relief when the State has provided him with a full evidentiary hearing before the revocation of his parole, even though he was not given a preliminary hearing, because his incarceration is no longer related to the lack of a preliminary hearing." *Id., citing Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979). Here, petitioner was provided with a full revocation hearing on May 4, 2010, at which time he was found guilty by a preponderance of the evidence of violating the conditions of his release. (*See* Resp. Br. App., Exh. B at 4-8). Petitioner does not argue, much less prove, that the outcome of that proceeding would have been different had he been given a preliminary hearing. Consequently, petitioner is not entitled to habeas relief.

B.

Next, petitioner complains that he was denied access to an unspecified police report. The court initially observes that petitioner does not describe the contents of this report in any detail. Nor is there any evidence that the report was exculpatory in nature or even considered by parole

authorities at the revocation hearing. Petitioner's vague, self-serving, and conclusory allegations are insufficient to merit habeas relief. *See Neu*, 2009 WL 1285855 at *6-7 (even if state had a duty to disclose exculpatory evidence prior to parole revocation hearing, petitioner's conclusory allegations were insufficient to establish constitutional violation).

C.

Finally, petitioner contends that he was denied due process because he was not provided with a written statement of reasons for revoking his parole. The minimum requirements of due process in a parole revocation proceeding include "a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." *Morrissey*, 92 S.Ct. at 2604. In a written report dated May 4, 2010, the hearing officer found that petitioner violated the conditions of his release by:

- failing to report to his parole officer as instructed on December 17, 2009;
- failing to attend substance abuse classes at First Step Counseling;
- committing the new offense of burglary of a building; and
- committing the new offense of evading arrest or detention.

(*See* Resp. Br. App., Exh. B at 6). Petitioner admitted to all these violations. Specifically, the hearing report states that petitioner admitted that he missed one month of reporting and failed to attend substance abuse classes "because he was lazy[,]" that he entered a parking garage without permission with the intent to burglarize cars, and that he ran from the police "because he did not want to be caught exiting the garage." (*Id.*). Based on those admissions and copies of court records, the hearing officer recommended revoking petitioner's parole. (*Id.*, Exh. B at 7). His written report satisfies the requirements of due process. Even if petitioner did not receive a copy of the report as alleged in his writ, he admitted to each of the violations in a signed document dated April 21, 2010 --

two weeks before the revocation hearing. (*See id.*, Exh. B at 9). Thus, any error in this regard was harmless. *See Coleman v. Cockrell*, No. 4-01-CV-0755-A, 2002 WL 663559 at *4 (N.D. Tex. Apr. 19, 2002), *citing Williams v. Johnson*, 171 F.3d 300, 307 (5th Cir.), *cert. denied*, 120 S.Ct. 197 (1999) (parolee must show that failure to provide written statement of reasons for revoking parole resulted in actual prejudice).[1]

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] In a reply brief, petitioner argues for the first time that the violations of his parole conditions were not sufficiently established or serious enough to warrant revocation. (*See* Pet. Repl. Br. at 5-7). The court need not consider a claim raised for the first time in a reply. *See Windham v. Quarterman*, No. 3-09-CV-0158-K, 2009 WL 2447508 at *3 n.2 (N.D. Tex. Aug. 7, 2009), *citing Duvall v. Dallas County*, No. 3-07-CV-0929-L, 2008 WL 4561563 at *5 (N.D. Tex. Oct. 10, 2008). In any event, the claim is without merit because petitioner tacitly concedes that there was at least "some evidence," namely his admissions, to support the decision to revoke his parole. *See Calahan v. Quarterman*, No. 3-07-CV-0746-B, 2008 WL 2123748 at *2 (N.D. Tex. May 19, 2008) (citing cases).

DATED: September 13, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE