IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES RAY MOSLEY, | § |
| | § |
| Petitioner, | § |
| | § |
| V. | § No. 3:11-CV-742-B |
| | § |
| RICK THALER, Director | § |
| Texas Department of Criminal Justice | § |
| Correctional Institutions Division, | § |
| | § |
| Respondent. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

In this closed habeas proceeding under 28 U.S.C. § 2254, petitioner Charles Ray Mosley filed on August 24, 2012 a Fed. R. Civ. P. 60(b) motion [Dkt. No. 27], which has been referred for hearing, if necessary, and recommendation or determination, to the undersigned magistrate judge. *See* Order, 11/28/2012 [Dkt. No. 28]. Petitioner seeks relief from the Court's final judgment denying his habeas petition. The petition was denied when the District Judge adopted the Magistrate Judge's findings and recommendation on December 1, 2011. *See Mosley v. Thaler*, No. 3:11-CV-742-B-BD, 2011 WL 6039616 (N.D. Tex. Sept. 13, 2011), *rec. adopted*, 2011 WL 6039611 (N.D. Tex. Dec. 1, 2011)*, COA denied*, No. 11-11213 (5th Cir. June 11, 2012). Petitioner's Rule 60(b) motion should be denied.

Under Rule 60(b), a court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The Court

can also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under Rule 60(b)(6)'s "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). The movant bears the burden of establishing at least one of Rule 60(b)'s bases for relief, and a determination of whether that burden has been met rests within the discretion of the Court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (*abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

Here, Petitioner relies on Rule 60(b)(4), contending that the Court's judgment dismissing his habeas petition was void because the Court failed to address on the merits his claims that (1) the Texas Board of Pardons and Paroles denied him Due Process; (2) he was entitled to a probable cause hearing immediately following his arrest; (3) he was entitled to a copy of a police report; and (4) he was entitled to a written statement by the fact finder of the evidence upon which it relied. *See* Dkt. No. 27, at 2. Under Rule 60(b)(4), "[a] judgment is not void merely because it's erroneous." *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). "A judgment 'is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Id.* (*quoting Williams v. New Orleans Public Serv., Inc.,* 728 F.2d 730, 735 (5th Cir. 1984)).

The record reflects that Magistrate Judge Jeff Kaplan fully considered all allegations that Petitioner brought, including the claims he reasserts in his Rule 60(b) motion. *See Mosley*, 2011 WL 6039616, at *1-*2. The District Judge adopted the Magistrate Judge's findings and recommendation after reviewing Petitioner's written objections. That Petitioner

disagrees with the Court's order denying habeas relief or believes that the Court did not properly consider his objections does not establish that the judgment is void. There is no indication in the record of any subject matter or due process deficiencies that would render the judgment void. Further, although Petitioner does not specifically raise Rule 60(b)(6) as a basis for relief, Petitioner has not established the "extraordinary circumstances" required for relief under Rule 60(b)(6).

Accordingly, his motion for relief under Rule 60(b) should be denied.

## RECOMMENDATION

Petitioner's "True Rule 60(b) Motion" [Dkt. No. 27] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 30, 2012

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE